

**CT Corporation**
Service of Process Notification
07/21/2022
CT Log Number 541961930

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | Wal-Mart  (Cross Ref Name)  (Domestic State: DE)<br>WALMART INC. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STOUT VICKIE // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | McNairy County Circuit Court, TN<br>Case # 2022CV20 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/26/2021 - Walmart Supercenter, Store #218. located at 1017 Mulberry Avenue, Selmer, TN |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/21/2022 at 15:03 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | Kyle Peiter<br>Kyle Peiter PLLC<br>814 S Church St.<br>Suite 210<br>Murfreesboro, TN 37130<br>615-397-7496 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2022, Expected Purge Date: 08/01/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
07/21/2022
CT Log Number 541961930

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# IN THE CIRCUIT COURT OF MCNAIRY COUNTY
## STATE OF TENNESSEE

| | |
|---|---|
| VICKIE STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2022-CV-26 |
| | ) Jury Demand |
| | ) |
| WAL-MART STORES EAST, L.P., and | ) |
| WALMART, | ) |
| | ) |
| Defendants. | ) |

**To Defendant WALMART**
**c/o CT Corporation System**
**300 Montvue Rd, Knoxville, TN 37919-5546:**

You are hereby summoned and required to file with the Court and serve upon Kyle Peiter, Attorney for Plaintiff, whose address is Kyle Peiter, PLLC, 814 S Church St., Suite 210, Murfreesboro, TN 37130, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ISSUED: July 12, 2022

_Ashley Hollingsworth_
Circuit Court Clerk

By: _M Sanderson_
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY:
KYLE PEITER PLLC
KYLE PEITER
814 S CHURCH ST.
SUITE 210
MURFREESBORO, TN 37130

To the Defendant(s)
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and schoolbooks. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. § 26-2-114)

## RETURN OF SERVICE ON SUMMONS

I hereby certify and return, that on the ____ day of _____, 20____, I served this summons together with a copy of the complaint herein as follows:

_____

_____

_____

_____

_____

Name of Server

Printed Name: _____

IN THE CIRCUIT COURT OF MCNAIRY COUNTY
STATE OF TENNESSEE

| | | |
|---|---|---|
| VICKIE STOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2022-CV-20 |
| | ) | Jury Demand |
| | ) | |
| WAL-MART STORES EAST, L.P., and | ) | |
| WALMART, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## CIVIL ACTION

---

Comes now Plaintiff, Vickie Stout, and for a Complaint against the Defendants, Wal-Mart Stores East, L.P. and Walmart, and would allege and show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Vickie Stout, is a citizen and resident of Tennessee.

2. Defendants Wal-Mart Stores East LP, ("Wal-Mart") is upon information and belief a Delaware Limited Partnership organized and existing under the laws of the State of Delaware. Defendants Wal-Mart may be served with this lawsuit by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System, 300 Montvue Road Knoxville, Tennessee 37919-5546.

3. Defendants, Walmart, ("Walmart") is a corporation organized under the laws of the State of Delaware which at all material times, conducted business in the State of Tennessee and is subject to jurisdiction in Tennessee as it has committed a tort in Walmart Supercenter, Store #218, located at 1017 Mulberry Avenue in Selmer, Tennessee. Defendants Walmart may be

FILED
DATE July 12, 2022
TIME 3:29 pm
ASHLEY HOLLINGSWORTH, CLERK

served with this lawsuit by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System, 300 Montvue Road Knoxville, Tennessee 37919-5546.

4. Jurisdiction and Venue of this Court is proper.

## **FACTUAL BACKGROUND**

5. At all material times, Defendants Wal-Mart and/or Defendants Walmart includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

6. On July 26, 2021, Defendants Wal-Mart and/or Defendants Walmart, was the owner and operator of the Walmart Super Center, Store #218, located at 1017 Mulberry Avenue in Selmer, Tennessee. The slip and fall incident that is the subject of this litigation occurred in the Walmart Supercenter store owned and operated by Defendants Wal-Mart and/or Walmart.

7. As Defendants Wal-Mart and/or Walmart own and operate a place of business that invites the public to enter its business premises in operation of a multi-purpose retail store, Defendants Wal-Mart and/or Walmart have a duty to properly maintain and to keep the store clear of hazardous conditions of which they know or should have known.

8. Defendants Wal-Mart and/or Walmart owe the Plaintiff, as well as the general public, the duty to use ordinary or reasonable care to keep their stores in a reasonably safe and proper condition for the purposes of persons patronizing their stores.

9. Defendants Wal-Mart and/or Walmart are liable for the acts, omissions, and negligence of its agents, servants, and employees in accordance with the principles of *respondeat superior*.

10. Defendants Wal-Mart and/or Walmart have known for years that wet floors create a slip and fall risk for customers in its stores.

11. As part of its routine business operations, Defendants Wal-Mart and/or Walmart offers carts for shoppers to gather merchandise while shopping at its stores.

12. Frequently, customers at Defendants Wal-Mart and/or Walmart's stores take shopping carts into the parking lot to unload merchandise purchased in its stores into the customer's vehicle.

13. On days where precipitation falls, the shopping carts that are left in the parking lot become wet.

14. Shopping carts that are left in the parking lots at Defendants Wal-Mart and/or Walmart's stores are collected by Defendants Wal-Mart and/or Walmart's employees, servants and agents and returned into the store for use by customers.

15. Defendants Wal-Mart and/or Walmart have known for many years that the method of operation in returning wet carts from the parking lot where it is raining can cause water to be tracked onto its store floors and drip water onto its floors.

16. Despite knowledge of the risk of slip hazard resulting from water introduced by the wet shopping carts onto its floors, Defendants Wal-Mart and/or Walmart did not install non-slip tile in the area where the wet shopping carts were stored and offered for use to its customers.

17. Despite knowledge of the risk of slip hazard resulting from water dripping from the wet shopping carts onto its floors, Defendants Wal-Mart and/or Walmart have not applied a non-skid coating application to the floor in the entrance area to the store where the wet shopping carts were stored and offered for use to its customers.

18. On or about July 26, 2021, Plaintiff was a business invitee of the Walmart Superstore for the purpose of purchasing general merchandise that Defendants Wal-Mart and/or Walmart offers for sale.

19. Rain was falling on the date of the fall at the Walmart Supercenter store in Selmer, Tennessee.

20. On the date of the fall, and in accordance with its usual practice and method of operation, Defendants Wal-Mart and/or Walmart's employees returned shopping carts from the parking lot where it had rained into the Walmart Supercenter store.

21. As the they were returned into the store, the shopping carts tracked water and dripped water onto the floors near the entrance of the Walmart Supercenter store.

22. Defendants Wal-Mart and/or Walmart's employees, servants and agents created a hazardous condition on the floor by allowing water to accumulate on the floor in an area where Defendants could reasonably foresee its customers would be walking.

23. The existence of the water on the floor caused by Defendants Wal-Mart and/or Walmart's employees, servants and agents constituted an unknown and hidden hazard for Plaintiff Stout.

24. Defendants Wal-Mart and/or Walmart's employees, servants, and agents failed to take reasonable steps to dry the floor area where water from the shopping carts had accumulated.

25. On or about July 26, 2021, approximately at 4:52 p.m., Plaintiff Stout entered the Walmart Supercenter store to shop. Plaintiff Stout proceeded to the area where the Defendants Wal-Mart and/or Walmart had stored the shopping carts when she stepped onto the wet floor created by the Defendants Wal-Mart and/or Walmart's employees, servants, and agents.

26. Plaintiff slipped and fell to the floor as a result of the wet floor condition on the floor.

27. Prior to the fall that is the subject of this lawsuit, Defendants Wal-Mart and/or Walmart had not applied a non-skid coating application to the floor in the entrance area to the store where shopping carts were offered to customers.

## CLAIMS AGAINST THE DEFENDANTS

### Negligence

28. Defendants Wal-Mart and/or Walmart knew, or, in the exercise of reasonable care should have known, of the wet floor, or Defendants Wal-Mart and/or Walmart created the wet floor condition either through the acts of its employees, servants, or agents or in its negligent method of operation leading to the creation of the wet floor, and Defendants should have removed the water on the floor or warned Plaintiff Stout of its existence.

29. Defendants Wal-Mart and/or Walmart, as owners and operators of the store, or through its agents or employees, allowed water to accumulate on the floor and remain on the floor of the store when Defendants Wal-Mart and/or Walmart, or its agents or employees, knew, or in the exercise of reasonable care should have known, that the wet floor created an unreasonable risk of harm to customers in the store.

30. The fall incident occurred solely as a result of Defendants Wal-Mart and/or Walmart, its agents, servants and/or employees and its agents, servants and/or employees' negligence without any negligence attributable in any measure to Plaintiff Stout.

31. Defendants Wal-Mart and/or Walmart, while having an affirmative duty to maintain the premises in a reasonably safe condition, and having actual and/or constructive knowledge and notice of the existence of the hazardous condition on its floor, were negligent and in disregard of their duty and have breached their duty to the Plaintiff by negligently and carelessly:

    (a) In failing to properly maintain and to keep the area in a reasonably safe and proper condition for its customers and patrons;

(b) In failing to properly clean the area under circumstances where Defendants knew, or should have known through the exercise of ordinary or reasonable care, that the roses display and resulting water on the floor constituted a hazardous condition to its patrons;

(c) In failing to properly train or supervise its employees in appropriate policies and procedures in recognizing and eliminating known hazardous conditions that exist on the premises;

(d) In failing to properly train or supervise its employees in appropriate safety policies and procedure;

(e) In failing to adopt proper policies and procedures to ensure that its premises are clear of hazardous conditions;

(f) In failing to warn its patrons of the existence of a known hazard;

(g) In failing to apply a non-skid product application to the floor of the subject store to make the floors reasonably safe;

(h) In failing to utilize a non-slip tile for an area where it is reasonably foreseeable that wet floors customers or patrons appropriate water containment system; and,

(i) In failing to otherwise take steps as would have been reasonably appropriate and prudent to maintain the store in a reasonably safe condition.

32. Defendants Wal-Mart and/or Walmart failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

33. As a direct and proximate result of the negligence of Defendants Wal-Mart and/or Walmart as set forth above, Plaintiff Stout slipped and fell while in the store.

34. As a result of the negligence of the Defendants Wal-Mart and/or Walmart, its agents, servants and/or employees, its agents, servants and/or employees, Plaintiff Stout has been rendered sick, sore, lame, maimed and disabled, and so remains due to the negligence of Defendants.

35. As a further direct and proximate result of the negligence of Defendants Wal-Mart and/or Walmart set forth above, Plaintiff Stout sustained serious and severe bodily injuries, including

but not limited to injuries requiring surgery, extensive medical treatment, and significant physical rehabilitation.

36. As a direct and proximate result of the physical injuries sustained by Plaintiff Stout, she has been incapacitated from pursuing her usual activities, may be left with disabilities that will, in the future, similarly incapacitate her and cause her pain, suffering and future medical treatment.

## DAMAGES

37. As a direct and proximate result of Defendants Wal-Mart and/or Walmart's negligence, Plaintiff Stout has suffered damages including injuries to the body and medical expenses.

38. Further, as a direct and proximate result of the Defendants Wal-Mart and/or Walmart Inc's negligence, Plaintiff Stout alleges that she is entitled to all damages allowed under the laws of the State of Tennessee, including, but not limited to the following specific items of damage:

    (a)    physical pain;

    (b)    emotional suffering;

    (c)    health care expenses;

    (d)    loss of enjoyment of life;

    (e)    permanent impairment and/or disability;

    (f)    Costs and interest and attorneys' fees;

    (g)    punitive damages;

    (h)    Such other further relief as this court may deem appropriate and equitable.

## WHEREFORE PLAINTIFF DEMANDS

1. For a jury of 12 persons to consider this civil action;

2. That any limitations on non-economic damages be lifted pursuant to the exceptions in Tenn. Code Ann. § 29-39-102;

3. That any limitations on punitive damages be lifted pursuant to Tenn. Code Ann. § 29-39-104;

4. For judgment against the Defendants in an amount of economic and non-economic damages the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $10,000,000 on behalf of Vickie Stout;

5. Defendants be taxed with the cost of this civil action, and;

6. Further and general relief as justice may require.

    This the 11th day of July 2022.

    Respectfully submitted,

    Law Office of Kyle Peiter, PLLC

    */s Kyle Peiter*

---

Kyle Livingston Peiter
Attorney for Plaintiff
Tennessee Bar # 038820
814 S Church St
Suite 210,
Murfreesboro, TN 37130
Phone (615)-397-7496
Fax (615) 694-5399
kyle@injuredintennessee.com